Joan Wagnon, Secretary Department of Revenue Alcoholic Beverage Control Docking State Office Building 915 SW Harrison St. Topeka, Kansas 66625-3512
Dear Secretary Wagnon:
Alcoholic Beverage Control Director Robert Longino requested our opinion regarding whether a club or drinking establishment license may be issued under the Club and Drinking Establishment Act[1] to a person who has contracted or otherwise agreed to provide services to or to manage the facility to be licensed, but who is not an owner or 3/4 time leaseholder of the premises.
As stated in State ex rel. Stovall v. Meneley:[2]
 "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it."
The statutes involved here are clear and unambiguous. K.S.A. 2002 Supp.41-311(a)(11) prohibits the issuance of any license under the Liquor Control Act[3] to a person who does not own the premises for which a license is sought, or does not have a written lease thereon for at least 3/4 of the period for which the license is to be issued. K.S.A. 2002 Supp. 41-2623(b)(1) applies the prohibition of K.S.A. 2002 Supp.41-311(a)(11) to potential club or drinking establishment licensees under the Club and Drinking Establishment Act. We believe that the statutes and the legislative intent could not be clearer. A contract or agreement to provide services for a facility or to manage a facility does not suffice for issuance of a license of the type being inquired about.
It is certainly true that "the failure of Kansas liquor laws to keep pace with the changes in business organization laws is well documented" and that, as a result, this office has determined that "absent a specific prohibition in the Liquor Control Act or the Club and Drinking Establishment Act" limited liability companies, not specifically mentioned as permitted licenses, were nonetheless allowed such licenses.[4] But, in the question before us, the statutory scheme states a specific prohibition. It specifically prohibits licenses to all but premises owners or written leaseholders for at least 3/4 of the period for which the license is to be issued.
Accordingly, we determine that K.S.A. 2002 Supp. 41-2623(b)(1) prohibits the issuance of a club or drinking establishment license under the Club and Drinking Establishment Act to any person who does not own the premises for which a license is sought or does not have a written lease thereon for at least 3/4 of the period for which the license is to be issued.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Ralph J. De Zago Assistant Attorney General
PK:JLM:RJD:jm
[1] K.S.A. 41-2601 et seq.
[2] 271 Kan. 355, 378 (2001).
[3] K.S.A. 41-101 et seq.
[4] Attorney General Opinion No. 2001-19.